## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EUGENE ATKINS,

       Movant,

                                  File No. 1:09-CV-906

v.

                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

## O P I N I O N

This matter comes before the Court on Movant Eugene Atkins's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, his motion will be denied.

## I.

Movant was indicted in a third superceding indictment on five charges: distribution of heroin resulting in death, possession with the intent to distribute heroin, conspiracy to distribute heroin, and two counts of distribution of heroin to a person under twenty-one years of age. (File No. 1:04-CR-299, Dkt. No. 52.) Movant was convicted on April 10, 2006, and was sentenced to life in prison. (File No. 1:04-CR-299, Dkt. Nos. 111, 119.) Movant filed this § 2255 petition pro se, asserting two claims of ineffective assistance of counsel and two claims of actual innocence: (1) ineffective assistance of counsel, both trial and appellate, for not challenging supplemental jury instructions; (2) actual innocence because the evidence

contradicts the conclusion that Movant could have been the one who sold the drugs; (3) actual innocence because the alleged co-conspirator was not convicted; and (4) ineffective assistance of trial counsel based on several specific factors. (Dkt. No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and

may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). A showing of "actual innocence" requires evidence of factual innocence, not merely legal insufficiency. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). This requires the petitioner to show "whether all the evidence, considered together, proves [he] was actually innocent, so that no reasonable juror would vote to convict him." *House v. Bell,* 547 U.S. 518, 556 (2006).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.* To show ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and, in addition, must show a reasonable probability that, had counsel been effective, the results of his trial would have been different. *See Williams v. Taylor*, 120 S. Ct. 1495, 1511-12, 1519-20 (2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 1512 (quoting *Strickland*, 466 U.S. at 694).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28

U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant asserts two claims of ineffective assistance of counsel and two claims of actual innocence: (1) ineffective assistance of counsel, both trial and appellate, for not challenging supplemental jury instructions; (2) actual innocence because the evidence contradicts the conclusion that he could have been the one who sold the drugs; (3) actual innocence because the alleged co-conspirator was not convicted; and (4) ineffective assistance of trial counsel. (Dkt. No. 1.)

**(1) Trial and Appellate Counsel were not ineffective for not challenging the supplemental jury instructions.**

Movant claims that both trial and appellate Counsel were ineffective for failing to challenge the supplemental jury instructions given during the deliberation process. The jury asked a series of questions during deliberations seeking clarification on the following issues: Perrin's testimony about Movant's role in the heroin distribution, the need to arrive at a unanimous verdict, and the role the conspiracy played in possessing or distributing heroin. The jury specifically asked the following: "Eugene Atkins/Ryan Moss have conspired to distribute a controlled substance. Can a partnership deliver a controlled substance. Would it matter which person delivered a controlled substance." (File No. 1:04-CR-299, Dkt. No. 112, Jury Questions, 16-17.) In response, the court stated: "Please review and read jury instruction 3.03 at page 18 and 19 [defining conspiracy] as it applies to the Indictment Count of Conspiracy." (Jury Questions, 18.) Movant contends that the jury's questions make it "extremely apparent" that the jury was not able to decide who actually delivered the heroin that killed Matt McKinney. (Dkt. No. 1, Attach. 1, 14.) Movant alleges that the Court should have been prompted by the questions to "clarify that as to the death count, [the jury] must determine that the [Movant] himself delivered the heroin." (Dkt. No. 1, Attach. 1, 14.) The Court will first address the claim of ineffective assistance regarding trial counsel, Helen C. Nieuwenhuis.

Movant alleges that Nieuwenhuis was ineffective for failing to object to the erroneous jury instructions. (Dkt. No. 1.) Nieuwenhuis requested, in response to the question about

5

conspiracy to distribute, that the Court refer the jury back to Count one, however, the "record does not reflect any attempt to create a contemporaneous record articulating objections to the proposed supplemental instructions." *United States v. Combs*, 33 F.3d 667, 669 (6th Cir. 1994). Nieuwenhuis's request did not constitute an objection and "cannot suffice to preserve her objection." *Id.* On appeal, the standard of review would be plain error. *Id.* (holding that "[a]ccordingly, we can reverse the district court's orders of conviction only if the supplemental instructions-either in form or mode of transmission-constituted plain error.") (citing *United States v. Piccolo*, 723 F.2d 1234, 1241 (6th Cir. 1983)). If Nieuwenhuis had formally objected to the supplemental jury instruction, the standard of review would be abuse of discretion. *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001). "A trial court has broad discretion in drafting jury instructions and does not abuse its discretion unless the jury charge 'fails accurately to reflect the law.'" *Id.* (citing *United States v. Layne*, 192 F.3d 556, 574 (6th Cir.1999). Under this standard, the judgment could be reversed "if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72-73 (6th Cir. 1990). To prevail on his claim of ineffective assistance, Movant must allege and show that Nieuwenhuis was objectively unreasonable for failing to formally object to the supplemental jury instruction, and that Movant was prejudiced because "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Failure to object to a constitutionally infirm jury instruction can constitute the basis

for an ineffective assistance of counsel claim, *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (citing *Gray v. Lynn*, 6 F.3d 265, 269 (5th Cir. 1993)), if, "but for defense counsel's failure to object to the erroneous jury instruction, there is a reasonable probability that the outcome [ . . . ] would have been different." *Benge v. Johnson*, 474 F.3d 236, 247 (6th Cir. 2007). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. Under *Benge*, the unreasonableness of Nieuwenhuis's failure to object hinges on the prejudice to Movant, and therefore the Court will begin its discussion there.

Movant alleges that "[had] the court not linked the conspiracy count to the delivery of heroin to McKinney & Perrin (count 1), and instead instructed them that they must determine that the Petitioner himself delivered the heroin . . . the jury's obvious doubt would have led to the Petitioner's acquittal." (Dkt. No. 1, Attach. 1, 6.) While supplemental instructions must be given in a way that will clear away the difficulties on a particular issue with accuracy, they must be viewed in light of the entire trial and previous instructions. *See United States v. Lee*, 991 F.2d 343, 350 (6th Cir. 1993). "If the issue that is the subject of an inquiry has been fully covered in the court's instructions, a reference to or rereading of the instructions may suffice." *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989). Even a "misstatement in one part of the [jury] charge does not require reversal if elsewhere

in the instruction the correct information is conveyed to the jury in a clear and concise manner." *United States v. Nelson*, 27 F.3d 199, 202 (6th Cir. 1994) (quoting *United States v. Pope*, 561 F.2d 663, 670 (6th Cir. 1977)).

The jury's question was about the legal standard they should apply to actions completed by co-conspirators. Movant asserts that the indictment was effectively amended by the supplemental jury instruction because it led the jury to believe that they could find Movant guilty of Count 1, the count alleging distribution resulting in death, even if they believed that Movant himself did not deliver the heroin. A constructive amendment "results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Siemaszko*, 612 F.3d 450, 469-70 (6th Cir. 2010) (citing *United States v. Kuehne*, 547 F.3d 667, 683-84 (6th Cir. 2008)). Movant's claim that the supplemental jury instruction constitutes a constructive amendment of the indictment is without merit.

"To determine whether a constructive amendment has occurred . . . we review the language of the indictment, the evidence presented at trial, the jury instructions and the verdict forms utilized by the jury." *Kuehne*, 547 F.3d at 683-84. The jury had been clearly instructed on the necessary elements for the crimes, orally and in writing. (File No. 1:04-CR-299, Dkt. No. 127, Tr. of Jury Trial IV, 706.) Additionally, both the prosecution and the

defense made it very clear in their closing statements that the defendant must have been the one to distribute the heroin that caused McKinney's death in order to find him guilty of Count 1. (Tr. of Jury Trial IV, 657, 668-69.) The court, by referencing the conspiracy charge, effectively limited that instruction to that charge. (File No. 1:04-CR-299, Dkt. No. 112, Attach. 2, 17.) In giving supplemental instructions, the court must take care to refrain from adding to the confusion or prejudicing the defendant. *Nunez*, 889 F.2d at 1569 (stating that "rereading correct instructions that covered the issue was less confusing than trying to frame an answer to the jury's specific question."). Because clear and accurate instructions had been given, the court was providing the only direction necessary to assist the jury in understanding the law.

It is evident from the jury's questions, and their insistence on obtaining the transcript, that for the jury to convict Movant of Count 1 they needed to be absolutely sure that it was Movant who delivered the heroin. Any initial confusion about Perrin's testimony – reflected in the jury's questions about whether or not he explicitly identified Movant as the one who delivered the heroin – was remedied when the transcript of Perrin's testimony was delivered to the jury. Therefore, because Movant cannot show prejudice, this claim will be denied.

The Court will now address the claim regarding appellate counsel, Frank Stanley. Generally, "to obtain post-conviction relief for an erroneous jury instruction to which no objection was made at trial, a defendant must show both cause excusing his procedural default and actual prejudice from the alleged error." *United States v. Rattigan*, 151 F.3d 551,

554 (6th Cir. 1998). An ineffective assistance of counsel claim overcomes that procedural default. To prevail on his claim of ineffective assistance of counsel, Movant must show that Stanley was objectively unreasonable for failing to appeal the supplemental jury instructions and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Specifically, he must show that if Stanley had appealed the instructions the judgment would have been reversed.

Because Nieuwenhuis's request did not constitute an objection, it "cannot suffice to preserve her objection." *Combs*, 33 F.3d at 669. On appeal, the standard of review would be plain error. *Id.* "Plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *Piccolo*, 723 F.2d at 1241. The Supreme Court has summarized plain error in four elements: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466-467, 469-470 (1997).

Based upon the above analysis of prejudice in regards to trial Counsel, and taking into account the totality of the circumstances, *Nelson*, 27 F.3d at 202, Movant's allegations that he was prejudiced are contradicted by the record. Because the jury instructions as given did not prejudice Movant, they could not have affected Movant's substantial rights. The instructions were legally correct, even if they were less thorough that Movant desired, and the instructions did not constructively amend the indictment or invite the jury to convict on

a charge other than those in the indictment. Movant does not challenge the original instructions as not properly reflecting the proofs, and the supplemental jury instruction did not preset an alternative basis of conviction. Importantly, the jury was given repeated instructions as to the role Movant must have played in order to convict him of Count 1. As the Sixth Circuit held in *Combs*, when the court's answers to jury questions are legally correct, they do not invite the jury to convict on a charge not contained in the indictment, the original instructions properly reflect the proofs, and no other theory on which to base a conviction was mentioned to the jury, then there was no plain error. 33 F.3d at 670. Movant has not shown prejudice because he has not shown that the supplemental jury instructions would have been found to be plain error on appeal. Accordingly, Movant's claim of ineffective assistance regarding Stanley will be denied.

## (2) The evidence from the cell phone towers does not prove Movant was actually innocent.

Movant claims that the evidence from the cell phone towers does not support the finding that he was the one who sold the heroin to Perrin and McKinney. To claim actual innocence, Movant must show "whether all the evidence, considered together, proves [he] was actually innocent, so that no reasonable juror would vote to convict him." *House,* 547 U.S. at 556. This showing must be one of factual innocence, and not merely the legal insufficiency of evidence. *Sawyer*, 505 U.S. at 339. Movant argues that the information from the cell phone towers shows that it is "actually, and factually impossible for [him] to have made it to the delivery site in time for all this to have taken place." (Dkt. No. 1, Attach.

1, 8.) However, Movant does not provide any facts or support for his assertion that he could not have been at the location of the sale, merely that it is unlikely he would have been able to make it to the deal because it was a short period of time. *Id.* Movant does not accurately cite the record or the alleged time of the sale and his claim that he could not have been present at the location of the sale is contradicted by the record. (Dkt. No. 1, Attach. 1, 7-8)

Movant claims that the time period seems too short for him to have traveled the distance alleged by the prosecution, but he does not address the fact that it is possible or that based on all the evidence presented, a reasonable jurist could have found otherwise. Even if the phone records alone do not conclusively prove his guilt, the record is replete with other evidence indicating Movant was the individual who sold the heroin to McKinney. Movant's claim is contradicted by the record, and he has not shown factual innocence or that "all the evidence, considered together, proves [he] was actually innocent, so that no reasonable juror would vote to convict him." *House,* 547 U.S. at 556. This claim will be denied.

### (3) Movant is not actually innocent based on the government's failure to charge or convict his alleged co-conspirator.

Movant claims that he cannot be convicted of conspiracy because his alleged co-conspirator, Ryan Moss, was not charged. The government is not required to formally charge the alleged co-conspirator. *See United States v. Sachs*, 801 F.2d 839, 845 (6th Cir. 1986); *United States v. Sandy*, 605 F.2d 210, 216 (6th Cir. 1979). The government must only "prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join or participated in the conspiracy." *United States v. Pierce*, 912 F.2d 159,

12

161 (6th Cir. 1990). Movant cites several other circuits in his brief to show that the acquittal of one conspirator requires the acquittal of the others. (Dkt. No. 1, Attach. 1, 9.) However, those cases rely on the fact that the conspirators were co-defendants and the evidence to show the existence of the conspiracy was insufficient as to each of them. *See United States v. Parker*, 839 F.2d 1473 (11th Cir. 1988); *United States v. Hopkins*, 716 F.2d 739 (10th Cir. 1982). In Movant's case, the evidence to show the conspiracy was sufficient for a finding of guilt by the jury, and there is no requirement that the other co-conspirator be on trial to make that finding. Therefore this claim is without merit and will be denied.

**(4) Trial Counsel was not ineffective.**

Movant claims that trial Counsel, Nieuwenhuis, was ineffective for failure to do the following: object to the prosecution leading Chris Perrin on direct examination in regards to his truthfulness, object to the alleged misrepresentation of Perrin's plea agreement, object to the prosecution's misstatement of the record during closing arguments, object to the false testimony by Perrin, request a possible lesser included offense jury instruction, request an intervening superceding cause instruction, negotiate a plea bargain including only counts 2 through 5, and investigate leads on other potential witnesses. (Dkt. 1, Attach. 1.)

Movant alleges that Nieuwenhuis was ineffective for failing to object to the prosecution leading Chris Perrin during direct examination in regards to the truthfulness of his testimony. Movant only states generally that improper leading violates a defendant's constitutional rights. However, Movant does not state any facts or examples to show that the

direct examination was improper, or what rights were violated resulting in prejudice to Movant. This claim is without merit and will be denied.

Movant claims that Nieuwenhuis was ineffective for failing to object to the alleged improper use and misrepresentation of Perrin's plea agreement during trial. Movant claims that the prosecution suggested that Perrin's "Grand Jury testimony was part of his plea agreement, despite the fact that Perrin was charged with perjury after that testimony." (Dkt. No. 1, Attach. 1, 12.) While Movant's argument is unclear, it appears that he is objecting to the prosecution's attempt to utilize the truthfulness provision of the plea agreement to give credibility to Perrin's testimony. However, it is not improper to utilize a plea agreement during direct examination, even if that agreement includes a truthfulness provision. *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999).

Moreoever, the record demonstrates that Nieuwenhuis sought to impeach Perrin's testimony on cross-examination. (File No. 1:04-CR-299, Dkt. No. 125, Tr. of Jury Trial II, 103-138.) Any misleading comments by the prosecution regarding the truthfulness of Perrin's statements were addressed, appropriately, through impeachment. *Id.* Any objection would have been frivolous in light of *Francis*, and a frivolous objection, if made, would not have affected the result of the proceeding. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (holding that a lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections). Movant does not cite any other facts to support his claim that Nieuwenhuis was unreasonable for not objecting or that he was

prejudiced by Nieuwenhuis's failure to object. This claim is without merit and will be denied.

Movant claims that Nieuwenhuis was ineffective for failing to object to the prosecution's misstatement of the record during closing arguments. Movant specifically claims that the prosecution was incorrect in stating that Perrin's Grand Jury testimony occurred several months after December 14, 2004, and that the phone records placed Movant at the location of the drug transaction. (Dkt. No. 1, Attach. 1, 12.) Perrin's Grand Jury testimony occurred on January 25, 2005, which was a month and a half after December 14, 2004. (Tr. of Jury Trial II, 105.) Movant does not describe why the statement that the Grand Jury testimony occurred a few months rather than a month and a half after December 14, 2004, was objectionable or how Nieuwenhuis was unreasonable for failing to object to this statement. Movant has also not shown how the failure to object prejudiced him in any way. The claim that Nieuwenhuis was ineffective regarding the statement of dates will be denied.

Movant also does not state any specific facts to show how Nieuwenhuis was unreasonable for not objecting to the prosecution's statement that the phone records tended to show Movant's presence at the drug sale. Nieuwenhuis addressed those statements in her closing argument, which is the appropriate way to attack an inference made by opposing counsel. (Tr. of Jury Trial IV, 50) (referring to the claim by the prosecution that "those cell site records, you know, those phone records supported it. No, they don't. No, they don't.").

Additionally, in light of the evidence, the prosecution's inference about Movant's

location was a reasonable one, and permissible in a closing argument.  *See United States v. Hughes,* 308 Fed. App'x 882, 891 (6th Cir. 2009) (stating that "prosecutors may argue that a jury can draw reasonable inferences from the evidence presented at trial") (citing *United States v. Roach*, 502 F.3d 425, 434 (6th Cir. 2007)).  If the evidence leads to a reasonable inference, then the prosecution was permitted to encourage the jury to come to that conclusion.  Movant has not provided any facts to show that Nieuwenhuis was objectively unreasonable for failing to object to the prosecution's permissible inference.

Movant also does not state how Nieuwenhuis's failure to address the inference of the prosecution in the closing statement prejudiced him.  After the closing statements, the Court instructed the jury on what evidence they could use in reaching their verdict, which made it very clear that closing statements are not evidence and that the jury should not rely on those statements to sustain a verdict.  (Tr. of Jury Trial IV, 59.)  The court stated that the jury must make their decision

> . . . based only on the evidence you saw and heard here in court . . . includ[ing] only what the witnesses said while they were testifying under oath, the exhibits that were introduced into evidence, and the stipulations agreed to by the lawyers and read to you. Nothing else is evidence. The lawyers' statements and arguments are not evidence.

(Tr. of Jury Trial IV, 59.)  Therefore Movant's claim is conclusory and contradicted by the record.  This claim will be denied.

Movant alleges that Nieuwenhuis was ineffective for failing to object to Perrin's false testimony.  Movant alleges that Perrin testified falsely and that the "record clearly reflects

this." (Dkt. No. 1, Attach. 1, 12.) However, Movant does not point to any specific statements by Perrin that were allegedly false, nor how Nieuwenhuis could have objected to the false statements. An attorney is not required, or even able, to simply object to testimony that he believes is false. He may only seek to impeach the witness's testimony using methods in accordance with the Rules of Evidence. *See* Fed. R. Evid. 613. Nieuwenhuis did, on cross-examination, directly and thoroughly challenge Perrin's inconsistencies in testimony. (Tr. of Jury Trial II, 103-138.) Movant's allegations are contradicted by the record, and Movant has not shown that Nieuwenhuis was unreasonable for not making a frivolous objection to false testimony. *See Harris*, 204 F.3d at 683. This claim is without merit and will be denied.

Movant claims that Nieuwenhuis was ineffective for failing to request a lesser included offense jury instruction. Movant does not state any facts to support his claim, including what charge he is referring to. Movant also did not show that he was prejudiced by Nieuwenhuis's failure to request that instruction. Therefore, this claim is without merit and will be denied.

Movant claims that Nieuwenhuis was ineffective for failing to request an intervening superceding cause instruction. On appeal, the Sixth Circuit, applying the plain error review standard, found that this Court did not err in failing to *sua sponte* issue the superceding cause instruction. The court, while refraining from deciding whether the instruction would be appropriate even upon request, referred to six other circuits which have all held that the statute does not require proof of proximate cause. If the statute does not require a showing

of proximate cause, then a request to issue a superceding cause instruction would be denied. The failure to request the instruction would not alter the outcome. While the Sixth Circuit has not decided the issue, it has stated in dicta that "the statute is, in effect, a strict liability statute with respect to injury or death of another arising out of the distribution of drugs." *United States v. Rehmann*, 226 F.3d 521, 525 (6th Cir. 2000), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377, 385 (6th Cir. 2002). Movant has not presented any evidence that if Nieuwenhuis had requested the instruction there is a reasonable likelihood that this Court would have strayed from the prevailing law on the issue. Movant has not shown that Nieuwenhuis was unreasonable for failing to request the instruction, or that Movant was prejudiced by this failure. This claim is without merit and will be denied.

Movant claims that Nieuwenhuis was ineffective for failing to negotiate a plea bargain that included only counts 2 through 5. Movant does not state any facts to show that Nieuwenhuis did not attempt to secure a better plea agreement. To the contrary, the government stated that "[t]rial counsel repeatedly inquired whether the government would dismiss Count 1." (Dkt. No. 13, 25.) Movant also does not present evidence that the government would have offered a plea agreement excluding Count 1 if Nieuwenhuis had requested it. Based on the plea agreement that was initially signed and then revoked by Movant, the government was willing to enter into a plea agreement that would include Count 1, distribution resulting in death, at the exclusion of all other counts. (File No. 1:04-CR-299, Dkt. No. 59.) This Court cannot find that a request by Nieuwenhuis would have

18

resulted in a different outcome, as Movant has not presented any facts to that end. This claim is conclusory and without merit. This claim will be denied.

Movant alleges that Nieuwenhuis was ineffective for failing to investigate leads on other potential witnesses. Defense counsel has a duty to conduct reasonable investigations or to make a reasonable decision that investigations are unnecessary. *See Sims v. Livesay*, 970 F.2d 1575, 180-81 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 691). Movant's claim that Nieuwenhuis failed to investigate is wholly conclusory. Movant did not list the other potential parties involved in the transaction, or what testimony those parties would have contributed if they had been contacted. An affidavit from Nieuwenhuis states that she never ignored requests made by Movant, and that "all known witnesses were either interviewed or investigated to the satisfaction of Mr. Atkins before the time of trial." (Dkt. No. 13, Attach. 2, Aff. of Helen Nieuwenhuis.) Movant has presented no evidence to show what a more thorough investigation would have accomplished or how he was prejudiced. This claim is without merit and will be denied.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly an evidentiary hearing is not required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a

certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: December 2, 2010                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE